Johanna STUTZ, Plaintiff,

v.

DEPOSITORY TRUST COMPANY, Defendant.

No. 78 Civ. 3026.

United States District Court,
S. D. New York.

Oct. 9, 1980.

Johanna Stutz pro se.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant; Andrew J. Connick, Eugene F. Farabaugh, New York City, of counsel.

LASKER, District Judge.

Johanna Stutz sues pro se under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* alleging that she was harassed by her employer and that she was terminated from employment in retaliation for filing a charge to that effect. The Depository Trust Company moves for partial summary judgment dismissing those allegations that complain of events occurring after September 30, 1977.[1]

Stutz filed an original complaint with the New York State Division of Human Rights (DHR) on September 30, 1977, in which she alleged race, color and sex discrimination, and charged that she was "denied equal terms, conditions and privileges of Employment" and harassed by her manager because she is Caucasian. On that complaint form, Stutz checked the box to indicate that she charged a violation of Title VII and authorized the DHR to accept the complaint on behalf of the Equal Employment Opportunity Commission (EEOC).

On December 29, 1977, Stutz was discharged. On January 12, 1978, she filed a second complaint with the DHR alleging that her discharge was in retaliation for filing the first action. This time, Stutz did not check the box on the DHR form to allege a Title VII violation, and authorized DHR to accept the complaint on behalf of the EEOC.

On March 10, 1978, the DHR determined after its investigation that there was no probable cause to believe that Depository Trust engaged in any discriminatory practice, but that Stutz "had a series of personality conflicts with her supervisor and her co–workers." Determination After Investigation, March 10, 1978. On April 20, 1978 the EEOC issued a "Notice of Right to Sue" letter to Stutz based on the findings of the DHR.

On October 31, 1978, the DHR found that there was probable cause to believe that Depository Trust had retaliated against Stutz for filing the first complaint, and ordered that a hearing be held.

Depository Trust contends that there is no subject matter jurisdiction over the events occurring after the date of filing of the first complaint with the DHR because Stutz neither filed any charges with the EEOC, nor received a right to sue letter from the EEOC, relating to events occurring after that date. Since the 300–day time limit for filing charges with the EEOC has expired, Depository Trust argues that Stutz is barred from asserting her retaliation claim.

It appears that neither Stutz nor the DHR on her behalf filed her retaliation charge with the EEOC, since that agency has no record of receiving the charge. Letter of David S. Preminger of the EEOC, February 20, 1980. Moreover, the April 1978 right to sue letter was issued based on the DHR's findings of no probable cause on the discrimination claims filed in the first DHR complaint, according to the Determination of the EEOC District Director accompanying the right to sue notice. Since the finding of probable cause on the retaliation complaint was made in October 1978, the right to sue letter could not apply to the retaliation claim. The EEOC takes the po-

---

1. Stutz's motion "to strike the defendant's motion" and "Notice of Request" are treated as opposition to the motion for partial summary judgment.

sition that Stutz nevertheless "may proceed even in the absence of a right to sue letter (merely a ministerial act on this point)." However, without a right to sue letter, there is no jurisdiction over the retaliation claim, § 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), and, unless the time requirements of the statute may be tolled, Stutz is barred from proceeding.

However, there are a number of reasons why tolling is applicable in this case. Stutz, who was acting pro se, testified during her deposition that she was told by the DHR representative that it was not necessary to check the appropriate box on her retaliation complaint because she had already done so on her first complaint. Thus, if there was a failure to file timely with the EEOC,[2] since nothing of record shows her testimony not to be true, it was due not to Stutz's failure to prosecute vigorously her claim, but to the mistaken advice given by the DHR representative. Moreover, the failure to file in time with the EEOC cannot have prejudiced Depository Trust who had notice of Stutz's retaliation claim by virtue of the DHR complaint, which was filed less than one month after her discharge.

Several circuit courts have held that the time limits established in Title VII are subject to equitable tolling. *Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979); *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1297–1302 (5th Cir. 1979); *Hart v. J.T. Baker Chemical Corporation*, 598 F.2d 829, 831–33 (3d Cir. 1979); *Bethel v. Jefferson*, 589 F.2d 631, 641 n.64 (D.C.Cir.1978). *Cf. Dartt v. Shell Oil Company*, 539 F.2d 1256 (10th Cir. 1976), *aff'd by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (ADEA time limits subject to equitable tolling). In its only rulings on the subject, the Court of Appeals of this Circuit expressly left the question open. *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978); *Egelston v. State University College at Geneseo*, 535 F.2d 752, 755 n.5. In *Smith v. American President Lines, Ltd.*, supra, 571 F.2d at 108–09 (footnote omitted), the court interpreted the Supreme Court's decision in *Electrical Workers v. Robbins & Meyers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) as leaving

"open the possibility that in certain situations tolling of the Title VII time limits might be acceptable. However, the decision in *Electrical Workers* strongly suggests that, even assuming the Title VII time limits are not strictly jurisdictional, the tolling of those limits may be very restricted. The Court implied that tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum."

While perhaps not squarely applicable to the present case, the last example of a situation in which tolling may be appropriate–that the plaintiff has mistakenly raised the "precise statutory" claim in the wrong forum–supports the application of tolling here. The only deficiency in Stutz's attempts to usher her claim through the procedural maze to the doorstep of the federal court was her failure to check the appropriate box on the DHR retaliation complaint. Although she was not in the "wrong" forum, Stutz nevertheless raised the same claim before the DHR that she should have brought to the EEOC. To penalize her for this when, as noted above, this appears to have been due to the incorrect advice of the DHR representative and has not prejudiced Depository Trust, would clearly contradict

---

2. It is not clear whether Stutz may be deemed to have filed the Title VII allegations at the time she filed her DHR retaliation complaint. In response to our letter inquiry, the EEOC stated that whether Stutz was required to check the appropriate box on her retaliation complaint when she had already done so on the original discrimination complaint depends on which "work sharing" agreement between the EEOC and the DHR was effective at the time. Since the EEOC's files are incomplete, it cannot be determined which agreement was in force. Letter of David S. Preminger of the EEOC, February 20, 1980.

the court's admonition in *Silver v. Mohasco Corporation*, 602 F.2d 1083, 1087 (2d Cir. 1979) (citation omitted), *rev'd on other grounds,* —— U.S. ——, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980):

"In interpreting the filing provisions of Title VII, our lodestar must be the statute's fundamental purpose. In view of the strong federal policy in ensuring that employment discrimination is redressed, this court has consistently eschewed rigid construction of Title VII's procedural mandates. . . . Accordingly, we have resisted any temptation to require technical precision of Title VII plaintiffs, who often proceed without counsel."

Given the position taken by the EEOC in this case "that the charge was timely filed," Letter of David S. Preminger of the EEOC, *supra*, it is improbable that the EEOC will refuse to accept Stutz's retaliation charge at this time. Accordingly, the course followed by the court in *Bethel v. Jefferson, supra*, 589 F.2d 631, 646–47 (D.C.Cir. 1978), of permitting the plaintiffs there "to invoke . . . the assistance" of the EEOC and either conciliate or obtain a right to sue letter, appears appropriate here.

Since the tolling of the running of the time for filing with the EEOC was occasioned by Stutz's receipt of incorrect information from the DHR representative, the running of the 300–day limit would normally commence with her receipt of this opinion which notifies her that that information was incorrect. However, that result would give Stutz another 286 days to file with the EEOC (300 minus the fourteen which had passed after her discharge at the time she filed her second complaint with the DHR), which appears to be excessive under the circumstances, and which would tend to delay the resolution of this litigation unreasonably. Sixty days appears to be a more than ample period to allow Stutz to take the necessary steps. Accordingly, the time for Stutz to file her retaliation charge with the EEOC is extended for sixty days from the date of the filing of this opinion.

The motion for summary judgment dismissing the complaint insofar as it alleges

events occurring after September 30, 1977 is granted. However, the dismissal is without prejudice to Stutz's filing with the EEOC her retaliation charge within sixty days and thereafter obtaining a right to sue letter.

It is so ordered.