918 F.2d 1052
 54 Fair Empl.Prac.Cas. 629,
55 Empl. Prac. Dec. P 40,391, 59 USLW 2334
 Peter N. TOLLIVER, Leon A. Wiater, Helen A. Fordham, Donald
Schaefer, Walter L. Pidek, James Carroll, Lawrence L.
Travis, William Brant, James Dammen, Charles Dolcimascolo,
John L. Bennett, Joseph G. Golossi, Harold Siebert, Alfred
E. Rizzari, Alfonse Oliveri, Paul J. Mittak, and Richard B.
Van Maaren, Plaintiffs-Appellants,
v.
XEROX CORPORATION, a New York Corporation, Defendant-Appellee.
Paul F. BRAUN, Plaintiff-Appellant,
v.
XEROX CORPORATION, Defendant-Appellee.
 Nos. 44-60, 325, Dockets 90-7201(L), 90-7203, 90-7205,
90-7211, 90-7213, 90-7215, 90-7221, 90-7223,
90-7225, 90-7231, 90-7233, 90-7235,
90-7241, 90-7243, 90-7245,
90-7253, 90-7281, 90-7251.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 28, 1990.
Decided Nov. 14, 1990.
 
 Donna Marianetti, Rochester, N.Y., for plaintiffs-appellants.
 Theodore S. Kantor, Rochester, N.Y., for plaintiff-appellant Braun.
 Stevens L. Ingraham, Rochester, N.Y. (Harris Beach & Wilcox, Rochester, N.Y., on the brief), for defendant-appellee.
 Samuel A. Marcosson, Washington, D.C. (Charles A. Shanor, Gen. Counsel, Gwendolyn Young Reams, Assoc. Gen. Counsel, Vincent J. Blackwood, Asst. Gen. Counsel, Donna J. Brusoski, Equal Employment Opportunity Commission, Washington, D.C., on the brief), for amicus curiae EEOC.
 Steven S. Zaleznick, Cathy Ventrell-Monsees, and Sally Dunaway, Washington, D.C., filed a brief for amicus curiae AARP.
 Before NEWMAN, PIERCE and ALTIMARI, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 The primary issue on these appeals is whether the administrative charges, usually called "claims," filed by named plaintiffs in a suit instituted as a class action under the Age Discrimination in Employment Act (ADEA) satisfy the claim filing obligations of individual plaintiffs alleging similar grievances, despite decertification of the class. The issue arises on appeals by eighteen former employees of Xerox Corporation from the February 15, 1990, judgments of the District Court for the Western District of New York (David G. Larimer, Judge) dismissing their ADEA suits against Xerox for lack of timely filing of individual claims with the Equal Employment Opportunity Commission (EEOC). We conclude that the claims filed by the named plaintiffs in the putative class action suffice to permit the individual suits to go forward without filing additional claims. We therefore reverse and remand.
 
 Background
 Section 7(d) of the ADEA provides:
 
 2
 No civil action may be commenced by an individual under this section [authorizing civil actions] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed--
 
 
 3
 (1) within 180 days after the alleged unlawful practice occurred; or
 
 
 4
 (2) in a case to which section 633(b) of this title applies [arising in so-called "deferral states," which have a state statute prohibiting age discrimination], within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
 
 
 5
 Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.
 
 
 6
 29 U.S.C. Sec. 626(d) (1988). All parties agree that in the pending cases 300 days is the relevant period for filing a charge with the EEOC.
 
 
 7
 The eighteen appellants were terminated from Xerox on various dates between November 1, 1981, and July 11, 1983, as a result of extensive reductions in force throughout the company. None of them filed a charge within 300 days of their respective dates of termination. However, on January 7, 1982, within 300 days of the earliest discharge, four other former Xerox employees filed administrative charges with the EEOC and subsequently filed a class action in the District of New Jersey, styled Lusardi v. Xerox Corp., alleging age discrimination by Xerox in connection with the reduction in force. On January 31, 1984, a class was conditionally certified in the Lusardi suit consisting of
 
 
 8
 All salaried employees in the forty (40)--seventy (70) age group who in the period May 1, 1980 through March 31, 1983 have been terminated or required to retire from employment at an age less than seventy or have been denied equal employment opportunities for promotion at any unit, division or American subsidiary of Xerox Corporation and who contend that such termination, retirement or denial of promotion was caused by age discrimination policies or practices of Xerox Corporation.
 
 
 9
 See Lusardi v. Xerox Corp., 747 F.2d 174, 175 n. 1 (3d Cir.1984).
 
 
 10
 ADEA class actions are subject to the "opt in" procedure of section 16(b) of the Fair Labor Standards Act, see 29 U.S.C. Sec. 626(b) (incorporating 29 U.S.C. Sec. 216(b) (1988)); Pandis v. Sikorsky Aircraft Division, 431 F.Supp. 793, 796 (D.Conn.1977). In the Lusardi class action, 1,312 individuals, including the 18 appellants, filed the written consents necessary to opt into the Lusardi class.[1] Thereafter the Lusardi class was decertified. Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J.1987), modified on petition for mandamus sub nom. Lusardi v. Lechner, 855 F.2d 1062 (3d Cir.1988), decertification adhered to after mandamus, 122 F.R.D. 463 (D.N.J.1988). The notice of decertification advised members of the decertified class that the statute of limitations for their individual lawsuits would be tolled from the date each opted into the Lusardi suit until December 23, 1988. The decertification notice did not advise members of the decertified class with respect to the 300-day requirement for filing an administrative claim.
 
 
 11
 The 18 appellants then filed individual ADEA lawsuits in the Western District of New York. Judge Larimer granted Xerox's motion to dismiss in each action for failure of each appellant to have filed a claim within 300 days of discharge. The District Judge rejected appellants' argument that they should have the benefit of the timely notice filed by the named plaintiffs in the Lusardi class action. Such "piggybacking," he ruled, should not be allowed for members of a decertified class, though it is allowed for members of a viable class, see Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 52-53 (3d Cir.1989); Anderson v. Montgomery Ward & Co., Inc., 852 F.2d 1008, 1016 (7th Cir.1988); Bean v. Crocker National Bank, 600 F.2d 754, 759-60 (9th Cir.1979).
 
 
 12
 Judge Larimer also declined to deem the 300-day period tolled for any of the appellants. As to 17 of the appellants, he noted that the 300-day period had already expired before each opted into the Lusardi class action. As to appellant Alfonse Oliveri, who opted into the Lusardi class action within 300 days of his discharge, Judge Larimer ruled that his failure ever to file an administrative claim barred his suit.
 
 Discussion
 
 13
 The filing requirement of the ADEA was to a large extent modeled after the filing provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e (1988). See EEOC v. Commercial Office Products Co., 486 U.S. 107, 123-24, 108 S.Ct. 1666, 1675-76, 100 L.Ed.2d 96 (1988); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 1133 n. 11, 71 L.Ed.2d 234 (1982). It contains two provisions that function like statutes of limitations. Section 7(e)(1) of the ADEA, 29 U.S.C. Sec. 626(e)(1), incorporating section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. Sec. 255 (1988), establishes a limitations period for filing suit of two years after the cause of action accrues or three years in the case of a willful violation. In addition, section 7(d) of the ADEA sets the time limits for filing an administrative charge with the EEOC--180 days after the alleged unlawful practice occurred, or 300 days after such date in deferral states like New York. See Miller v. International Telephone and Telegraph Corp., 755 F.2d 20, 23-24 (2d Cir.), cert. denied, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Section 7(d) also requires a plaintiff to wait 60 days after filing a charge with the EEOC before bringing a suit in the district court.
 
 
 14
 As originally enacted, section 7(d) provided that a suit could not be commenced "by any individual under this section until the individual has given" at least 60 days notice to the Secretary of Labor, who was then charged with enforcement of the Act. Pub.L. No. 90-202, 81 Stat. 602, 605 (1967) (emphasis added). In 1978, Congress amended section 7(d) to eliminate the requirement that "the individual" bringing suit must have given the administrative notice and provided instead that suit could not be brought until 60 days after "a charge alleging unlawful discrimination has been filed with the Secretary." Pub.L. No. 95-256, Sec. 4(a), 92 Stat. 189, 190 (1978) (emphasis added). That same year the Secretary's ADEA responsibilities were transferred to the EEOC. Reorg. Plan No. 1 of 1978, Sec. 2, 43 Fed.Reg. 19807, 92 Stat. 3781 (1978). In changing the statutory requirement from a charge filing obligation of the individual bringing suit to the more general requirement that "a charge ... has been filed," Congress pointed out that "[f]ailure to timely file the notice ... [was] the most common basis for dismissal of ADEA lawsuits by private individuals" and emphasized that the purpose of the amendment was "to make it more likely that the courts will reach the merits of the cases of aggrieved individuals...." S.Rep. No. 493, 95th Cong., 1st Sess. 12 (1977), U.S.Code Cong. & Admin.News 1978, pp. 504, 515.
 
 
 15
 Under the current version of section 7(d), courts have regularly held that the timely filing of an administrative charge by a named plaintiff in a class action satisfies the charge filing obligation of all members of the class. See Lockhart v. Westinghouse Credit Corp., supra; Bean v. Crocker National Bank, supra. The same rule applies in Title VII class actions. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 389 n. 6, 97 S.Ct. 2464, 2467 n. 6, 53 L.Ed.2d 423 (1977); Albemarle Paper Co. v. Moody, 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 2370 n. 8, 45 L.Ed.2d 280 (1975). In Title VII suits, the "single filing rule" is not limited to class actions but also permits aggrieved plaintiffs to join in a lawsuit brought by individuals who have filed a timely administrative charge provided the claims " 'aris[e] out of similar discriminatory treatment in the same time frame.' " Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir.1986) (quoting Ezell v. Mobile Housing Board, 709 F.2d 1376, 1381 (11th Cir.1983)). See De Medina v. Reinhardt, 686 F.2d 997, 1012-13 (D.C.Cir.1982); Crawford v. United States Steel Corp., 660 F.2d 663, 665-66 (5th Cir.1981); Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876, 882-83 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977).
 
 
 16
 Though the parties on this appeal have focused primarily on the issue of whether the decertification of the Lusardi class precludes the appellants from enjoying the benefit of the administrative charges filed by the Lusardi named plaintiffs, we think the issue is really the one emphasized by the EEOC as amicus curiae--whether the appellants may benefit from the notice given by the Lusardi named plaintiffs, irrespective of the class action that those plaintiffs endeavored to maintain. That issue involves three distinct questions: (1) Whether the "single filing rule," available to those who join as plaintiffs in individual actions under Title VII, is available under the ADEA? (2) If so, whether the "single filing rule" is available to ADEA plaintiffs initiating individual suits instead of joining as plaintiffs in an existing suit? (3) If so, whether the administrative claims of the Lusardi named plaintiffs suffice to secure the benefit of the "single filing rule" for the 18 appellants?
 
 
 17
 Application of the "single filing rule" to ADEA individual actions is fully warranted. The ADEA administrative procedure is modeled on the Title VII procedure, Zipes v. Trans World Airlines, Inc., 455 U.S. at 395 n. 11, 102 S.Ct. at 1133 n. 11. Since the rule has been applied to ADEA class actions by analogy to its application to Title VII class actions, it is equally appropriate to apply it to ADEA individual actions by analogy to its application to Title VII individual actions. Moreover, the EEOC has interpreted the ADEA filing requirements to be satisfied "so long as the matter complained of was within the scope of [a] previously filed charge, regardless of who filed it." 43 Fed.Reg. 138, 139 (1983). The EEOC's interpretation of the ADEA is entitled to the same deference accorded to its interpretation of analogous Title VII provisions. See EEOC v. Commercial Office Products Co., 486 U.S. 107, 115, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 761, 99 S.Ct. 2066, 2074, 60 L.Ed.2d 609 (1979).
 
 
 18
 The purpose of the administrative charge requirement is to afford the agency the opportunity to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. Sec. 626(d). If the agency charged with that task is satisfied that a timely filed administrative charge affords it sufficient opportunity to discharge these responsibilities with respect to similar grievances, it serves no administrative purpose to require the filing of repetitive ADEA charges any more than repetitive Title VII charges, see Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 498 (5th Cir.1968), at least in the absence of statutory language compelling such a result.
 
 
 19
 The further question is whether the single filing rule may be used to permit an ADEA plaintiff to file his or her own lawsuit, rather than to join in a previously filed suit, either as co-plaintiff or intervenor. If the single filing rule is to be available in non-class ADEA actions, we see no reason to limit its use to those electing to join preexisting lawsuits. The purpose of the charge filing requirement is fully served by an administrative claim that alerts the EEOC to the nature and scope of the grievance, regardless of whether those with a similar grievance elect to join a preexisting suit or initiate their own. It is true that under Title VII, the single filing rule has been used only to permit joining a preexisting suit in which at least one plaintiff had filed a timely charge. But, as the EEOC points out, that consequence flows from Title VII's requirement that no person may initiate a Title VII suit without obtaining a right-to-sue letter, 42 U.S.C. Sec. 2000e-5(f)(1), which ordinarily requires timely filing of an administrative charge. See Inda v. United Air Lines, Inc., 565 F.2d 554, 559 (9th Cir.1977), cert. denied, 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978). There is no comparable requirement for ADEA suits and therefore no reason to require ADEA plaintiffs seeking to benefit from the single filing rule to join preexisting individual suits.
 
 
 20
 The final question is whether the administrative claims filed by the Lusardi named plaintiffs suffice to secure the benefit of the "single filing rule" for the 18 appellants. Courts have used different tests, either alone or in combination, for determining whether an administrative charge suffices to permit piggybacking by a subsequent plaintiff. The broadest test requires only that the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same general time frame. That is the test we used in Snell in permitting piggybacking by correctional officers alleging discrimination in a county jail. A somewhat narrower test requires that the administrative claim give notice that the discrimination is "class-wide," i.e., that it alleges discrimination against a class of which the subsequent plaintiff is a member. See Kloos v. Carter-Day Co., 799 F.2d 397, 401 (8th Cir.1986) (alternate standard). A still narrower test requires that the administrative claim not only allege discrimination against a class but also allege that the claimant purports to represent the class or others similarly situated. See Naton v. Bank of California, 649 F.2d 691, 697 (9th Cir.1981).
 
 
 21
 Where the grievances arise in a work unit of modest size, like the jail in Snell or the union local in Allen v. Amalgamated Transit Union Local 788, supra, we agree that mere similarity of the grievances within the same general time frame suffices to permit the "single filing rule." As former Judge Bell asked in the context of claims by employees at a single plant, "If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful." Oatis v. Crown Zellerbach, 398 F.2d at 498. However, where the grievances are alleged to arise throughout a large group,[2] the lack of conciliation of one individual grievance does not necessarily mean that conciliation efforts would be unavailing if the EEOC and the employer were alerted to the broad scope of the claim. Though we do not think the administrative claim in such circumstances need specify that the claimant purports to represent a class or others similarly situated, there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim. Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and affords sufficient notice to the employer to explore conciliation with the affected group.
 
 
 22
 Since the pending cases involve plaintiffs scattered throughout the defendant's domestic employment, the notices on which they seek to piggyback will suffice only if they alerted the EEOC and Xerox to the broad scope of the grievance. Lusardi's charge, filed on January 7, 1982,[3] see Lusardi v. Xerox Corp., 118 F.R.D. at 378, alleged that Xerox had discriminated "against persons such as myself over forty as a class particularly with respect to the implementation of a reduction in salaried work force." Lusardi v. Lechner, 855 F.2d 1062, 1078 (3d Cir.1988) (emphasis added). The Lusardi plaintiffs alerted the EEOC to their claim that Xerox had discriminated on the basis of age against those between 40 and 70 in carrying out its extensive reduction in force between 1981 and 1983. As the Third Circuit observed in ruling that Judge Lechner had erred in relying on the absence of individual timely administrative claims in decertifying the Lusardi class, Lusardi's charge "provides sufficient notice to the parties to encourage meaningful conciliation, the purpose of requiring it." Id. We agree with that characterization.[4] In assessing the adequacy of a charge for purposes of the single filing rule, the question is whether "it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges." Foster v. Gueory, 655 F.2d 1319, 1322 (D.C.Cir.1981). Once the attention of the EEOC and Xerox had been drawn to the claim of the Lusardi plaintiffs that age discrimination had occurred throughout the company in implementing the reduction in force, there is no reason to think that conciliation would have been more likely if these 18 appellants had filed individual claims.
 
 
 23
 Xerox strenuously urges that from this notice it could not possibly determine the number or identity of those discharged employees who would later claim similar discrimination. We do not think that is the test of whether a claim suffices to invoke the single filing rule. The question is whether the timely filed claims provided an adequate opportunity to satisfy the statutory tasks imposed upon the EEOC. Central to those tasks is an attempt to conciliate the grievances. When the Lusardi named plaintiffs filed their charges, the EEOC was on notice that Xerox stood accused of implementing its reduction in force during the years 1981 through 1983 by discriminating on the basis of age against those aged 40 to 70. The Lusardi plaintiffs did not purport to be complaining of isolated instances of age discrimination. Rather, they alerted the EEOC to a claim of age discrimination throughout the company's domestic operations. Their claims provided the Commission with ample opportunity to conciliate the broad grievance. Though conciliation did not occur, there is no reason to think that it would have succeeded if Xerox had known the exact number or the names of those who would subsequently advance the same claim. In such circumstances, it would be "wasteful," Oatis v. Crown Zellerbach, 398 F.2d at 498, and "nonsensical," Allen v. Amalgamated Transit Union Local 788, 554 F.2d at 883, to flood the EEOC with repetitive notices from these 18 appellants and hundreds of other discharged Xerox employees, all making the same claim already lodged with the Commission as a classwide grievance by the Lusardi named plaintiffs.
 
 
 24
 Judge Larimer appears to have rejected the availability of the single filing rule in the pending cases largely on the ground that Judge Lechner had stated, in the Lusardi class decertification ruling, that the members of the proposed class "are not similarly situated," 118 F.R.D. at 352, a conclusion based in part on the fact that they performed different jobs in different departments and locations. But whatever differences among the discharged employees might suffice to preclude class certification do not necessarily defeat application of the single filing rule. There are many reasons for declining to proceed with a class action, including difficulties in managing the action and variation among defenses. Indeed, the Third Circuit understood Judge Lechner to have found the putative class members not similarly situated in part because of the possibility of differing defenses. Lusardi v. Lechner, 855 F.2d at 1067; see Lusardi v. Xerox Corp., 118 F.R.D. at 375. Though a class action may not be suitable, the claims of these 18 appellants are nonetheless sufficiently similar to those of the original named plaintiffs to satisfy the purposes of the notice filing requirement. In this essential respect, the circumstances presented here are indistinguishable from other instances in which piggybacking has been permitted. Moreover, the fact that the agency responsible for attempting conciliation is completely satisfied that the purposes of section 7(d) were served by the original notices, though not conclusive, is entitled to considerable weight. In the Commission's view, "the claims raised by [the appellants] appear to fall squarely within the allegations raised by the charges of the Lusardi plaintiffs." Brief for EEOC as amicus curiae at 14.
 
 
 25
 Nor need we have concern that application of the single filing rule will oblige Xerox to defend against stale claims. The ADEA statute of limitations provides adequate assurance that stale claims will not remain viable. The charge filing requirement of section 7(d) sets a time limit, not for the purpose of limiting time for suit, but for the purpose of affording a prompt opportunity to attempt conciliation. That opportunity existed within the 300 days specified in section 7(d).
 
 
 26
 In sum, we hold that the administrative charges filed by the Lusardi named plaintiffs satisfied the appellants' obligation under section 7(d) of the ADEA.
 
 
 27
 There remain two separate issues concerning claims of appellant Paul F. Braun. His claim of discrimination on the basis of a medical condition, in violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794 (1988), was properly dismissed since Xerox's receipt of Army procurement contracts does not render the company a "program or activity receiving federal financial assistance" within the meaning of the Act. See 28 C.F.R. 41.3(e), 45 C.F.R. 84.3(h) (1989); Brown v. Sibley, 650 F.2d 760, 769 (5th Cir.1981). Braun's state law fraud claim, dismissed for lack of pendent jurisdiction after dismissal of his ADEA claim, need not be reinstated since it is barred by New York's six-year statute of limitations. N.Y.Civ.Prac.L. & R. Secs. 203(f), 213(8) (McKinney 1990).
 
 
 28
 The judgments dismissing appellants' ADEA claims are reversed and remanded for further proceedings. Dismissal of Braun's Rehabilitation Act and fraud claims is affirmed.
 
 
 
 [1]
 We are not informed how those of the appellants terminated after March 31, 1983, the ending date of the class definition, became eligible to opt into the Lusardi class, but Xerox does not dispute that all appellants did opt in
 
 
 [2]
 In the Title VII context, claims have sufficed for purposes of the single filing rule even though the claimants were employees of an agency as large as the United States International Communication Agency, De Medina v. Reinhardt, supra
 
 
 [3]
 Since the charge was filed within 300 days of the date of the earliest discharge of any of the 18 appellants, we need not consider whether the single filing rule would be available to revive the claim of a plaintiff discharged more than 300 days prior to the filing of the administrative claim on which he seeks to piggyback
 
 
 [4]
 We do not understand this characterization of the claim to be a ruling by the Third Circuit, binding appellants or Xerox, that the Lusardi notice suffices to permit piggybacking by the 18 appellants here. Indeed, the Third Circuit pointed out that the District Court in New Jersey (and presumably the appellate court as well) lacked jurisdiction to determine the merits of the individual claims of the members of the decertified class, and that such matters remained for determination in the forum in which individual claims are presented. Lusardi v. Lechner, 855 F.2d at 1079