June Faulkner **CROSSMAN**, Sophie B. Chmil, Dorothy McGough and Ida K. Galante, Plaintiffs,

v.

Matthew T. **CROSSON**, Chief Administrator of the Courts of New York State, Irving C. Sperber, Chief Clerk of the Nassau County Family Court, Harold Butler, Deputy Chief Clerk of the Nassau County Family Court, Charles R. Koster, Lois Mitchell, Peter Lioio and Robert Palmer, Associate Court Clerks of the Nassau County Family Court, individually and as agents, servants, and/or employees of the New York State Office of Court Administration, Defendants.

No. 92–CV–3231 (JS).

United States District Court, E.D. New York.

Nov. 6, 1995.

June Faulkner Crossman, Levittown, NY, pro se.

Sophie B. Chmil, Westbury, NY, pro se.

Dorothy McGough, Woodbury, NY, pro se.

Ida K. Galante, Westbury, NY, pro se.

Angela M. Yodice, Assistant Counsel, Office of Court Administration, New York City, for Defendants.

### MEMORANDUM AND ORDER

SEYBERT, District Judge:

In the instant employment-discrimination action brought pursuant to 29 U.S.C. § 621 et seq. and 42 U.S.C. § 2000e et seq., the plaintiffs, current or former employees of the Nassau County Family Court, assail various employee practices of the New York State Office of Court Administration. Pending before the Court is the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the defendants' motion is granted and this action is dismissed in its entirety.

### BACKGROUND

Plaintiffs are current or former employees of the Nassau County Family Court. Defendants, meanwhile, are agents and employees of the New York State Office of Court Administration. The plaintiffs allege that they have been discriminated against in their employment on account of their race, religion, sex, national origin, age, and moreover in retaliation for their whistleblowing activities. According to the plaintiffs, the defendants' discriminatory practices manifested themselves in unequal terms and conditions of employment, and in harassment, including sexual harassment.

Plaintiffs filed an administrative complaint with the Unified Court System Equal Employment Opportunity ["UCS EEO"] office on June 13, 1990. On January 29, 1991, Administrative Judge McGinity dismissed the plaintiffs' complaint on the merits. On April 29, 1991, Deputy Chief Administrative Judge Traficanti affirmed Judge McGinity's determination.

Without having filed a charge with the Equal Employment Opportunity Commission ["EEOC"], the plaintiffs, on September 23, 1991, commenced an action in the United States District Court for the Northern District of New York alleging age discrimination, in violation of the Age Discrimination in Employment Act ["ADEA"], 29 U.S.C. § 621 et seq., and other discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964, as amended ["Title VII"], 42 U.S.C. § 2000e et seq. The plaintiff's original complaint was signed by an attorney. Judge Munson dismissed this complaint without prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief

could be granted. The plaintiffs thereafter filed an amended complaint *pro se.* This case was then transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

The defendants now move for summary judgment pursuant to Fed.R.Civ.P. 56 on the ground that the plaintiffs have not complied with the statutory prerequisites for bringing this action in federal court. Specifically, the defendants assail the plaintiffs' failure to file a discrimination charge with the EEOC, and their consequent inability to procure a right-to-sue letter from that agency.

### DISCUSSION

■ Under the law of the Second Circuit, a district court must weigh the following considerations in evaluating whether to grant a motion for summary judgment with respect to a particular claim:

First, summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Second, the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists. In considering that, third, all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought. Fourth, the moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.... Finally, the trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding, it does not extend to issue-resolution.

*Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1223–24 (2d Cir.1994) (internal case citations omitted). In evaluating the above considerations, a court must be mindful of whether the purported factual dispute is material, because "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 265 (1986).

■ A plaintiff generally is required to file a charge with the EEOC within 180 days of the alleged discriminatory act as a prerequisite to bringing a Title VII action in federal district court. *See* 42 U.S.C. § 2000e–5(e). An exception to this rule arises in states, such as New York, that have an agency with the authority to address charges of discriminatory employment practices, and which require the plaintiff to file with both the state agency and the EEOC. In such instances, the plaintiff must file a charge with the EEOC within 300 days after the alleged discriminatory act. *See id.; Ryan v. New York State Thruway Auth.,* 889 F.Supp. 70, 76 (N.D.N.Y.1995).

A charge will not always be considered "filed" with the EEOC when it is received from the complainant; rather, a charge alleging a violation of Title VII will be deemed "filed" only after the relevant state agency has had 60 days in which to review the claim, unless the state agency has terminated its proceedings at an earlier date. *See* 42 U.S.C. § 2000e–5(c). In New York State, one such relevant state agency is the New York State Division on Human Rights ["DHR"]. *See* 29 C.F.R. § 1601.74. As a result of this dual agency system, a plaintiff who wishes to bring suit in federal court under Title VII generally must file a complaint with the DHR within 240 days after the alleged discriminatory act to ensure that the charge that he or she files with the EEOC is timely.

In addition to the foregoing requirements, a plaintiff generally must obtain a "right-to-sue letter" from the EEOC before a suit can

be brought in federal court. *See* 42 U.S.C. § 2000e–5(f)(1).

The EEOC's statutory framework of administrative review serves two important purposes. First, it serves a conciliatory function of bringing the charged party before the EEOC in an attempt to secure voluntary compliance with the law. *See Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 26 (2d Cir.) (ADEA case), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *McCarthy v. Cortland County Comm. Action Program, Inc.,* 487 F.Supp. 333, 336 (N.D.N.Y.1980). Second, it notifies the charged party of the asserted violation. *See Franklin v. Herbert Lehman College,* 508 F.Supp. 945, 951–52 (S.D.N.Y.1981).

■ As the filing requirements of the ADEA were largely modeled after the filing provisions of Title VII, many of the governing procedures of these two statutes are the same.[1] *See Tolliver v. Xerox Corp.,* 918 F.2d 1052, 1055–57 (2d Cir.1990), *cert. denied,* 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). Accordingly, in view of the similarities between Title VII and the ADEA, a number of courts have applied Title VII jurisprudence to guide their interpretation of analogous ADEA provisions. *See id.* at 1056–57.

In the instant case, the defendants argue that summary judgment must be granted because the plaintiffs have failed to satisfy the statutory prerequisites for bringing an action in federal court. Specifically, the defendants contend that the plaintiffs failed to file charges with the EEOC or the relevant state agency, and moreover have failed to obtain a right-to-sue letter from the EEOC. In order to determine whether the plaintiffs have failed to satisfy these "statutory prerequisites," some elaboration upon this phrase is required.

■ The seminal case in this regard is *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), in which the Supreme Court held that Title VII's requirements concerning the filing of a charge with the EEOC are statutory prerequisites, and not jurisdictional in nature. Because these prerequisites are statutory and not jurisdictional, should a plaintiff fail to satisfy these requirements, a federal court, in its discretion, may elect to hear the action because "like a statute of limitations, [these requirements are] subject to waiver, estoppel and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. Had these elements instead been jurisdictional, a plaintiff's failure to file timely, and to obtain a right-to-sue letter, would deprive the court of subject matter jurisdiction, thereby necessitating the dismissal of the suit. This distinction likewise applies to ADEA actions. *See Miller,* 755 F.2d at 24.

■ The plaintiffs bear a heavy burden in establishing that equitable principles should permit the procedural requirements in question to be bypassed, as courts in this circuit are generally "reluctant to hear claims that were not originally filed with the EEOC." *Dennis v. Pan Am. World Airways,* 746 F.Supp. 288, 290 (E.D.N.Y.1990). Strong policy reasons direct that a plaintiff should not be able to "circumvent the Congressionally-created administrative scheme designed to facilitate voluntary compliance with or to settle disputes falling under Title VII" or the ADEA. *Moche v. City Univ. of New York,* 781 F.Supp. 160, 167 (E.D.N.Y.1992), *aff'd,* 999 F.2d 538 (2d Cir.1993). Furthermore, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.... [I]n the long run, experience teaches that strict adherence to the proce-

1. One critical distinction between these two statutes arises in connection with the issuance of a right-to-sue letter. In contrast to Title VII, ADEA does not require that the EEOC issue a right-to-sue letter in order for a federal lawsuit to be commenced. *See Tolliver v. Xerox Corp.,* 918 F.2d 1052, 1057 (2d Cir.1990), *cert. denied,* 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). In addition, under Title VII, in a "deferral jurisdiction," 60 days must pass after the commencement of a state proceeding before a charge may be filed with the EEOC, unless the state proceeding is concluded in less than 60 days. *See* 42 U.S.C. § 2000e–5(c). In contrast, "ADEA imposes no sequential filing requirement but expressly permits complainants to file simultaneously with the EEOC and a state agency." *Brodsky v. City Univ. of New York,* 56 F.3d 8, 9 (2d Cir.1995).

dural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (internal quotations omitted).

The Second Circuit Court of Appeals has noted that an equitable modification to the statutory prerequisites will not be permitted unless "the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum...." *Miller,* 755 F.2d at 24 (citing *Smith v. American President Lines,* 571 F.2d 102, 109 (2d Cir.1978)). Thus, "[a]n 'extraordinary' circumstance permitting tolling of the time bar on equitable grounds might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory." *Id.*

Of the potential bases for equitable modification noted by the Second Circuit Court of Appeals in *Miller,* the ground that is most applicable to this case is the plaintiffs' assertion of their rights in the wrong forum. As another district court within this circuit recently stated, "[t]he Second Circuit has ... indicated in dicta that tolling of the time bar may be permitted as a 'matter of fairness' if a plaintiff asserts her rights in the wrong forum." *Ryan v. New York State Thruway Auth.,* 889 F.Supp. 70, 79 (N.D.N.Y.1995) (citing *Miller,* 755 F.2d at 24). In *Ryan,* the court concluded that the plaintiff's filing of a complaint alleging sexual harassment with the Office of Civil Rights of the United States Department of Transportation ["DOT"] failed to toll the limitations period for filing a charge with the EEOC. *See id.* at 78–79. In reaching this determination, Judge Pooler rejected the plaintiff's attempt to analogize her filing with the DOT to a filing with the Office of Federal Contract Compliance ["OFCC"], which the Second Circuit regarded in *Egelston v. State Univ. College,* 535 F.2d 752, 755 n. 4 (2d Cir.1976), to constitute a constructive filing with the EEOC, in accordance with the EEOC's own administrative practice. *See Ryan,* 889 F.Supp. at 78–79. Rather, Judge Pooler concluded that "[b]ecause [the plaintiff] should

have known that she should file her sexual harassment complaint with EEOC or DHR, equitable tolling is not appropriate." *See id.* at 79.

In a similar vein, in *Franklin v. Herbert Lehman College,* 508 F.Supp. 945 (S.D.N.Y. 1981), Judge Tenney concluded that the plaintiff's use of internal grievance procedures established by a college did not toll the limitations period for filing a charge with the EEOC. *See id.* at 952. The circumstances in *Franklin* and in *Ryan* are to be contrasted with those presented in *Stutz v. Depository Trust Co.,* 497 F.Supp. 654 (S.D.N.Y. 1980), in which equitable tolling was permitted where a *pro se* complainant was provided incorrect advice by a DHR representative concerning the filing of a charge with the EEOC. *See id.* at 656. In *Stutz,* in contrast to the instant case in which the EEOC has not appeared as *amicus curiae,* the EEOC itself advocated the position that the plaintiff should be entitled to proceed to federal court without a right-to-sue letter. *See id.* at 655–56.

■ In the case at bar, the plaintiffs have filed neither with the EEOC, nor with the appropriate state agency. Instead, the plaintiffs have filed a complaint of discrimination with the UCS EEO office, which upon review was denied on its merits by Administrative Judge McGinity, and affirmed on appeal by Deputy Chief Administrative Judge Traficanti. While it is possible that the plaintiffs may have believed that their pursuit of an administrative claim with the UCS EEO office satisfied the requirements for instituting an action in federal court, the Court regards the affirmation set forth on the same form that the plaintiffs executed to commence their administrative complaint to hold considerable significance in its evaluation of whether the plaintiffs are entitled to an equitable modification of the applicable statutory prerequisites. The affirmation appears immediately above the plaintiffs' respective signatures, and reads as follows:

*Affirmation*

I affirm that the information contained in this claim is true to the best of my knowledge, information and belief.

I understand that if I choose to file a claim with the NYS Division of Human Rights

based on this claim, I must file within one year of the date of the discriminatory act described herein or the NYS Division of Human Rights may lose jurisdiction over this matter.

I understand that if I choose to file a claim with the U.S. Equal Employment Opportunity Commission based on this claim, I must file within 180 days from the date of the discriminatory act described herein or the U.S. Equal Opportunity Commission may lose jurisdiction over this matter.

I understand that if I elect to file with the NYS Division of Human Rights, the U.S. Equal Employment Opportunity Commission, or any appropriate regulatory agency, my UCS EEO office internal claim will be deemed "withdrawn" as of the date filed with the external agency.

I authorize the UCS EEO office to use my name in investigating the discrimination claim.

I have read and understand the contents of this document.

Signature *Sophie B. Chmil* June 13, 1990
June Faulkner Crossman   Almanette Martin[2]
Dorothy McGough      Ida Galante

Pls.' Opposing Aff. Ex. In light of this affirmation, the Court is of the opinion that the plaintiffs' use of their employer's grievance procedures constituted a fully disclosed exchange of rights, whereby the plaintiffs gave up their right to pursue their claims with the DHR and EEOC so that they could utilize their employer's administrative apparatus. Under these circumstances, and moreover, in the absence of any allegations of bad faith or deception on the part of the defendants in preventing the plaintiffs from timely exercis-

ing their federal rights under Title VII or the ADEA, the Court regards equitable tolling to be inappropriate. Indeed, any error in hindsight on the part of the plaintiffs in failing to file a charge with the EEOC strikes the Court as little more than "a garden variety claim of excusable neglect which fails to justify equitable tolling." *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir.1994) (internal quotations omitted). Accordingly, the defendants' motion for summary judgment dismissing this action must be granted.[3]

### CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED and this action is dismissed in its entirety.

SO ORDERED.

---

**2.** Martin is the only one of the five signatories who is not named as a plaintiff in the amended complaint.

**3.** The Court notes that the plaintiffs were represented by counsel at the time that this action was commenced in federal district court in the Northern District of New York. In this regard, Judge Munson, in his memorandum-decision and order dismissing the original complaint without prejudice to replead, stated that "[n]ot only is the complaint signed by E. Stewart Jones Sr., but at oral argument on this motion, plaintiff Crossman acknowledged that Mr. Jones was involved in drafting the complaint." *Crossman v. Crosson,* 91–CV–1076, at 6 (N.D.N.Y. Feb. 7, 1992). The Second Circuit Court of Appeals has held that

equitable tolling of the filing time is inappropriate if the plaintiff was represented by counsel during the period in which she was statutorily required to file charges with the EEOC, notwithstanding the plaintiff's allegations that she was given incorrect information by both an EEOC employee and her own counsel. *See Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47 (2d Cir.1978); *Smith v. American President Lines,* 571 F.2d 102, 109–10 (2d Cir.1978). This line of analysis is not dispositive, however, to the present motion for summary judgment, because the record is unclear as to whether the plaintiffs were represented by counsel during the 300–day period in which they were statutorily required to file their charge with the EEOC.