Cynthia A. SWAIDA, Plaintiff

v.

**GENTIVA HEALTH SERVICES**
(formerly Olsten Health
Services) Defendant.

No. CIV.A. 02–10954REK.

United States District Court,
D. Massachusetts.

Dec. 30, 2002.

Cynthia A. Swaida, West Tarmouth, MA, Pro se.

Vicki L. Mitchell, Sandwich, MA, for Plaintiff.

John P. McLafferty, Mary Frances Rossetti, Day, Berry & Howard, Boston, MA, for Defendant.

## Opinion and Order

KEETON, District Judge.

### I. Pending Motion

Pending for decision is Defendant Gentiva Health Services's Motion to Dismiss (Docket No. 6, filed Jun 17, 2002). Plaintiff filed her first opposition pro se (Docket No. 9, filed July 16, 2002) and filed an additional opposition after retaining counsel (Docket No. 19, filed in court December 17, 2002).

### II. Relevant Factual Background

Plaintiff, Cynthia Swaida, was employed by Gentiva (formerly Olsten Health Services) from October 5, 1992 through October 17, 1997. Plaintiff's employment was terminated on October 17, 1997.

### III. Procedural Background

#### A. Plaintiff's first suit

On October 17, 2000, Plaintiff filed a civil action pro se in Massachusetts Superior Court, Barnstable County, alleging that Gentiva terminated her in retaliation for her cooperation with a United States Department of Labor investigation. Gentiva removed the action to federal court and filed a motion to dismiss for failure to state claims upon which relief could be granted. The court granted plaintiff additional time to respond to defendant's motion, but plaintiff never filed a response. The court then granted Gentiva's motion to dismiss on March 1, 2001 and the clerk entered the order of dismissal the next day.

## B. Plaintiff's second suit

Plaintiff filed the current lawsuit pro se on May 10, 2002. Her current suit is based on the same termination at issue in the earlier dismissed suit. She now claims, however, that Gentiva terminated her based on her age, in violation of Mass. Gen. Laws ch. 151B § 4 and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also alleges that she received a "Right to Sue Letter" from the Equal Employment Opportunity Commission ("EEOC") in February 2002, before filing her second suit. The parties have made no showing regarding when plaintiff filed her initial charge with the EEOC. Plaintiff appeared pro se in both her lawsuits. She did not retain counsel in this current suit until November of 2002.

## C. Plaintiff's MCAD charge

This second suit is not the first time plaintiff has made an age discrimination claim against Gentiva for the October 17, 1997 termination. Plaintiff states that she participated in an investigative conference of the Massachusetts Commission Against Discrimination ("MCAD") on November 16, 1998. Plaintiff filed an appeal with MCAD in June 1999, apparently in response to the dismissal of her charge. The parties have made no showing regarding the result of that appeal.

## IV. Parties' Positions

Defendant moves, under Fed.R.Civ.P. 12(b)(6), to dismiss this action on two grounds. First, defendant says that res judicata precludes this action because this action arises "from the very *same* employment termination and is brought by the *same* plaintiff against the *same* defendant" as the earlier dismissed suit. Second, defendant says that plaintiff's claim of age discrimination under Mass Gen. Laws ch. 151B must be dismissed because it is barred by the three year statute of limitation.

Plaintiff argues that the claims are not sufficiently identical to require the application of res judicata. In addition, plaintiff argues that res judicata cannot be achieved at the expense of fairness to a pro se litigant, and that applying res judicata in this case would be fundamentally unfair. Plaintiff also claims that she met all procedural requirements by filing with the EEOC and filing this action within ninety days of receipt of her right-to-sue letter.

## V. Legal Standard

 The court can dismiss for failure to state a claim " 'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.' " *Berezin v. Regency Sav. Bank*, 234 F.3d 68, 70 (1st Cir.2000) (quoting *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations of plaintiff's complaint as true and must give plaintiff the benefit of all reasonable inferences. *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998).

## VI. The Merits

### A. Plaintiff's claims are barred by res judicata.

 Federal law governs the res judicata effect of a previous judgment in a federal court. *Massachusetts School of Law at Andover v. American Bar Association*, 142 F.3d 26, 37 (1st Cir.1998). Under the doctrine of res judicata a final judgment on the merits of an action precludes the parties and their privies "from relitigating issues that were or could have been raised in that action." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 311 (1st Cir.2001) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Federal law requires three elements be-

fore applying the preclusive effect of res judicata, "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." *Havercombe v. Dep't of Educ. of the Commonwealth of Puerto Rico,* 250 F.3d 1, 3 (1st Cir.2001) (quoting *Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1166 (1st Cir. 1991)). It is undisputed that the third element, identicality of the parties, is met. In the remainder of this opinion, I will focus on the first and second elements.

### 1. The court's dismissal of plaintiff's first lawsuit resulted in a final judgment on the merits.

■ On March 1, 2001, the court granted Gentiva's motion, under Fed.R.Civ.P. 12(b)(6), to dismiss for failure to state a claim. According to the Supreme Court of the United States, "the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (fn 3). A Rule 12(b)(6) dismissal does not need any specific notation that the dismissal was "on the merits." Instead, "this type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect" *Andrews–Clarke v. Lucent Techs., Inc.,* 157 F.Supp.2d 93, 99 (D.Mass.2001) (citations omitted). Under federal law, the first judgment against plaintiff was a final judgment on the merits, and in plaintiff's second opposition, plaintiff concedes that this first element is satisfied.

### 2. Plaintiff's two causes of action are sufficiently identical.

#### a. Introduction

■ Under the second element, a sufficient showing of identicality between the two suits is required. The First Circuit has "adopted a transactional approach to determine whether causes of action are sufficiently related to support a res judicata defense." *Mass. Sch. of Law,* 142 F.3d at 38. Under this approach, the First Circuit routinely relies on three factors to determine whether the two claims are substantially identical. *In re Iannochino,* 242 F.3d 36, 46 (1st Cir.2001). "First, we look to 'whether the facts are related in time, space, origin or motivation,' second, to 'whether they form a convenient trial unit', and third, to 'whether their treatment as a unit conforms to the parties' expectations.'" *Id.* (quoting *Porn v. Nat'l Grange Mut. Ins. Co.,* 93 F.3d 31, 34 (1st Cir. 1996)). After careful evaluation of all three factors, this court determines that a sufficient showing of identicality has been made.

#### b. An overlapping factual relationship exists between the plaintiff's two suits.

■ Both suits are based on facts that are almost identical in time, space, origin, and motivation. Plaintiff's first suit involves the same termination as her second suit. Thus, the time of the facts and the origin appear identical. As defendant states, "both of [p]laintiff's actions are based on the same factual underpinnings (i.e., the circumstances leading up to and resulting in the termination of [p]laintiff's employment)." Plaintiff's motivation for both suits is also identical; she was seeking compensation for damages caused by Gentiva's allegedly wrongful termination of plaintiff.

The only difference between the two claims is the label applied. In her first claim, plaintiff alleged that the termination was in retaliation for her cooperation with

a United States Department of Labor investigation. In this second claim, plaintiff alleges that the termination was based on her age. According to the First Circuit, if the two claims

> were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action notwithstanding any differences in remedies sought or theories of recovery pleaded. *A fortiori,* our focus must not be the theoretical raiment in which the claims are robed, but 'whether the underlying facts of both transactions were the same or substantially similar.'

*Kale v. Combined Ins. Co. of America,* 924 F.2d 1161 (1st Cir.1991) (quoting *Manego v. Orleans Bd. of Trade,* 773 F.2d 1, 6 (1st Cir.1985)). Because these two claims do arise out of the same nucleus of operative facts and seek redress for the same basic wrong (the allegedly wrongful termination) they are founded on the same transaction.

#### c. The two claims form a convenient trial unit

The second factor focuses on what would happen at trial. *Iannochino,* 242 F.3d at 47. For this factor, the court must "determine whether the witnesses or proofs required to prove the factual basis of both claims substantially overlap." *Id.* The witnesses in plaintiff's first and second suit would substantially overlap. Both trials would likely involve the following witnesses: plaintiff's supervisor, plaintiff's colleagues at Gentiva, and Gentiva's decision-makers. Because the witnesses and much of the testimony would be identical, the two claims would have formed a convenient trial unit, a factor that "argues powerfully for claim preclusion." *Mass. Sch. of Law,* 142 F.3d at 38.

#### d. Because plaintiff knew of the factual basis of her second claim when she brought her first claim, it was reasonable to expect them to be brought together.

The third factor focuses on the parties' expectations at the time plaintiff filed her first suit for wrongful termination. "When evaluating the parties' expectations, we are guided by the principle that, where 'two claims arose in the same time frame out of similar facts, one would reasonably expect them to be brought together.'" *Iannochino,* 242 F.3d at 48 (quoting *Porn,* 93 F.3d at 37). When examining the third factor, "rather than considering whether [plaintiff] knew of the precise legal contours of [her second] claim, we must instead determine whether [she] knew of the factual basis of that claim." *Id.* at 48–49.

The record establishes that plaintiff was aware of the factual basis of her age discrimination claim when she filed her first suit. Plaintiff filed the first suit on October 17, 2000. The record shows that in November 1998 plaintiff participated in an investigative conference before the MCAD to evaluate plaintiff's claim that she was terminated because of her age. Therefore, almost two years before her first suit, plaintiff was already aware of the factual basis of her claim.

In addition to having knowledge of the factual basis of her claims, plaintiff also must have been able to assert the claims during the pendency of her first suit. Although plaintiff did not have an EEOC right-to-sue letter during her first suit, res judicata still applies to both her 151B claim and her ADEA claim. As a panel of the First Circuit has stated, "the lack of a right-to-sue letter would not have prevented plaintiff from notifying the court of [her] allegations...and, if need be, asking for a stay until the EEOC issued [her] the

letter." *Havercombe*, 250 F.3d at 8. Plaintiff has presented no showing that she was unable to bring her age discrimination claims during the pendency of her first suit. In addition, the record does not establish when she requested the right-to-sue letter, and she makes no showing that she alerted the court to her possible claims or that she requested an accelerated process from the EEOC.

■ Lastly, unlike Title VII, the ADEA has no requirement that the EEOC issue a right-to-sue letter before the federal suit commences. *Crossman v. Crosson*, 905 F.Supp. 90, 93 fn. 1 (E.D.N.Y.1995) (citing *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir.1990)). Instead, the ADEA states, "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). Accordingly, the lack of a right-to-sue letter does not alter the application of res judicata because the plaintiff could have brought the federal age discrimination suit even in the absence of a right-to-sue letter.

### 3. No equitable exception prevents the preclusion of plaintiff's second suit.

Res judicata precludes plaintiff's current lawsuit because all three required elements are met.

■ In her opposition, plaintiff argues that "res judicata cannot be justified if it is achieved at the expense of fairness to a pro se litigant." In plaintiff's second opposition, she makes a similar argument, asking this court to look at the equities and apply an exception to res judicata. This court, however cannot create such an exception in this case. According to the Supreme Court,

the doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'

*Moitie*, 452 U.S. at 401, 101 S.Ct. 2424 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S.Ct. 853, 90 L.Ed. 970 (1946)). The fact that plaintiff appeared pro se, therefore, is insufficient to create any equitable exception. *Iannochino*, 242 F.3d at 49 ("We reject the suggestion implicit in their argument that parties can ignore facts indicating that they should assert a[ ] claim solely because of lack of representation.")

In her first opposition, plaintiff also argues that "there is an over-arching policy concern in favor of deciding cases on their merits rather than on procedural technicalities." Res judicata, however, is more than a mere procedural technicality. The Supreme Court emphasizes that

"[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace which should be cordially regarded and enforced by the courts."

*Moitie*, 452 U.S. at 401, 101 S.Ct. 2424 (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (1917)).

Even if this court were to evaluate the equities present in this case, such an evaluation would tip in favor of defendant. To fail to apply res judicata in this case would unfairly prejudice the defendant, requiring it to defend a suit that is at least seven years old and could easily have been brought much earlier.

Because all three elements of res judicata are satisfied, no equitable exception can prevent the preclusive effect of res judicata.

### B. The statute of limitation bars plaintiff's ch. 151B claim.

■ In addition to being precluded by res judicata, at least one of plaintiff's claims is time barred. Under Mass. Gen. Law ch. 151B § 9, "a civil action brought pursuant to G.L.C. 151B must be commenced 'not later than three years after the alleged unlawful practice occurred.'" *Weber v. Community Teamwork, Inc.*, 434 Mass. 761, 784, 752 N.E.2d 700 (2001). According to plaintiff's pleadings, she was terminated on October 17, 1997. To comply with the applicable statute of limitation, therefore, plaintiff must have filed her 151B civil action by October 17, 2000. Because plaintiff did not file this action until May 10, 2002, she filed her claim one and one-half years after the period prescribed in the statute of limitation had ended.

### C. Possible bar to plaintiff's ADEA claim.

It is unclear from the record whether plaintiff's ADEA claim is similarly time-barred, and defendant did not present any such argument. In the interest of completeness, however, I will note the following matters.

Massachusetts has established the MCAD, an agency that has the authority to grant or seek relief from age discrimination. In states with such an agency, a unique statute of limitation applies to ADEA claims. 29 U.S.C. § 626(d)(2) (2002). Under Section 626(d)(2) of the ADEA, plaintiff must have filed her charge with the EEOC "within 300 days after the alleged unlawful practice occurred, or within 30 days receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." Because the record contains no showing about when plaintiff filed her charge with the EEOC or when she received notice of termination of the MCAD proceedings, it is impossible on the record now before this court to determine whether plaintiff's ADEA claim is time barred under 29 U.S.C. § 626(d)(2).

To prevent her claim from being time barred, plaintiff must also have filed this claim within ninety days of her receipt of a right-to-sue letter from the EEOC. 29 U.S.C. § 626(e) (2002). Plaintiff alleges she received her right-to-sue letter in February 2002. By filing her claim in May 10, 2002 plaintiff was dangerously close to the ninety day time limit. Because the record contains no showing regarding the exact date plaintiff received her right to sue letter, however, the court cannot determine whether the claim is time barred under 29 U.S.C. § 626(e) (2002).

### D. Summary

Plaintiff's age discrimination claims under 151B and the ADEA are barred by res judicata because the record shows (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suits, and (3) an identity of parties in the two suits. No equitable exception can prevent the preclusive effect of res judicata in this case. In addition to being barred by res judicata, plaintiff's 151B claim is also barred by a three year statute of limitation.

### ORDER

For the foregoing reasons, it is ORDERED:

The clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

This civil action is DISMISSED with prejudice. Costs are awarded to defendants.

**Final Judgment**

For the reasons stated in the Opinion and Order of this date, it is ORDERED:

This civil action is DISMISSED with prejudice. Costs are awarded to defendants.