Johnny TAGUINOD and Wilhelmina Taguinod, Plaintiffs,

v.

WORLD SAVINGS BANK, FSB aka Wachovia Bank, N.A., aka Wells Fargo Bank, N.A., a United States Corporation; West Coast Escrow, a California Corporation; and Does 1–20, inclusive, Defendants.

No. CV 10–7864–SVW (RZx).

United States District Court, C.D. California.

Dec. 2, 2010.

1066

Carlo O. Reyes, Carlo O. Reyes Law Offices, Canoga Park, CA, for Plaintiffs.

Jeremy E. Shulman, Anglin Flewelling Rasmussen Campbell & Trytten LLP, Pasadena, CA, for Defendants.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE [8, 9]

STEPHEN V. WILSON, District Judge.

## I. INTRODUCTION

On May 26, 2010, Plaintiffs Johnny Taguinod and Wilhelmina Taguinod filed this suit in the Los Angeles Superior Court against their lender, Wells Fargo Bank, N.A. ("Wells Fargo"), and the escrow agent, West Coast Escrow. Following the voluntary dismissal of West Coast Escrow in state court, Wells Fargo removed the action to this Court based on diversity jurisdiction. The Complaint includes twelve causes of action relating to the refinancing of their home loan and the recent foreclosure proceedings. Those causes of action include (1) fraud, (2) breach of contract, (3) breach of implied covenant of good faith and fair dealing, (4) rescission, (5) conversion, (6) constructive trust, (7) breach of fiduciary duty, (8) failure to provide loan disclosures, (9) failure to comply with California Civil Code § 2923.5, (10) elder abuse, (11) intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") and (12) violations of California Civil Code § 17200 (the "UCL").

## II. FACTS

On May 1, 2007, Plaintiffs obtained a $735,000 loan from World Savings Bank, FSB, which secured a deed of trust on Plaintiff's residence. (Compl. ¶¶ 6, 8; Request for Judicial Notice ("RJN") Ex. A.) In January 2008, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which then merged into Wells Fargo in November 2009 ("Defendant"). (RJN C, D, E, F, G.) Plaintiffs defaulted on their loan, and on June 19, 2009 a Notice of Default was recorded stating that Plaintiffs owed $32,683.41 as of June 18, 2009. (RJN Ex. H.) Subsequently, a Notice of Trustee's Sale was recorded on March 23, 2010, stating a total indebtedness of $862,243.80. (RJN Ex. I.)

The primary allegation in Plaintiffs' Complaint is that Plaintiffs were defrauded by Defendant because Plaintiffs' $24,090 Toyota Highlander car loan was not paid from the loan proceeds as Plaintiffs had been promised. (Compl. ¶ 10.) Specifically, Plaintiffs allege that they did not approve changes to the closing instructions canceling the payment to Toyota,

which resulted in the car being repossessed. (Compl. ¶¶ 15–16.) Plaintiffs allege that the changes were made to the closing documents after Plaintiffs had reviewed and signed the documents. (Compl. ¶ 10; Compl. Ex. 4.) Defendant has brought this Motion to Dismiss and Motion to Strike.

## III. LEGAL STANDARD

On a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (citing *Iqbal*, 129 S.Ct. at 1951).

When a court grants a motion to dismiss, ordinarily "any dismissal[,] . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19[,] operates as an adjudication on the merits." Fed.R.Civ.P. 41(b). However, a court may specify that the dismissal is without prejudice to refiling the claim in a separate action. *See, e.g., Swaida v. Gentiva Health Servs.*, 238 F.Supp.2d 325, 328 (D.Mass.2002) ("dismissal [is] presumed to be with prejudice unless the order explicitly states otherwise"); *Seaweed, Inc. v. DMA Product & Design & Marketing LLC*, 219 F.Supp.2d 551, 554 (S.D.N.Y.2002) (when dismissal "does not operate on the merits" it "should not issue with prejudice"). In addition, a court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R.Civ.P. 15(a)(2).

In ruling on a motion brought under Rule 12(b)(6), a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D.Cal.2003). However, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir.1956); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) (stating that a district court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss") (citation omitted).

## IV. DISCUSSION

Defendant argues that the Complaint should be dismissed for a multitude of reasons. Principally, Defendant argues that the Home Owner's Loan Act (HOLA) preempts the state-law claims asserted by Plaintiffs, that a number of the claims are barred by the statute of limitations, that some fail to state claim, and that the Complaint fails to plead the fraud-based claims with the requisite specificity. The Court will begin by discussing HOLA, and it will then address each claim, in turn, below.

### A. HOLA Preemption

Wells Fargo's acquisition of World Savings Bank, FSB does not affect the HOLA preemption defense because the Complaint only addresses the transaction between Plaintiffs and World Savings Bank, FSB. Moreover, Plaintiffs do not dispute that at the time of the loan, World Savings Bank, FSB was a federally chartered savings association, called a federal savings bank. *See In re Ocwen Loan Servicing, LLC*

*Mortg. Servicing Litigation,* 491 F.3d 638, 642 (7th Cir.2007) (stating that the defendant could rely on its HOLA preemption defense, although it had given up its federal thrift charter, because it was a federal savings association at the time of the conduct at issue). Federal savings banks are regulated by HOLA, which was enacted during the Great Depression of the 1930s to "restore the public's confidence in savings and loan associations at a time when 40% of home loans were in default." *Bank of Am. v. The City and County of San Francisco,* 309 F.3d 551, 559 (9th Cir. 2002); 12 U.S.C. § 1464(d)(5) (defining a "savings association").

■ "While there is a strong presumption against federal preemption of state law governing historic police powers, the Supreme Court has held that the presumption does not apply 'when [a] State regulates in an area where there has been a history of significant federal presence.'" *Silvas v. E\*Trade Mortg. Corp.,* 514 F.3d 1001, 1004 (9th Cir.2008) (quoting *United States v. Locke,* 529 U.S. 89, 108, 120 S.Ct. 1135, 146 L.Ed.2d 69 (2000)). The Ninth Circuit has described HOLA and its agency regulations as a "radical and comprehensive response to the inadequacies of the existing state system," and "so pervasive as to leave no room for state regulatory control." *Conference of Fed. Sav. & Loan Ass'ns v. Stein,* 604 F.2d 1256, 1257, 1260 (9th Cir.1979), *aff'd,* 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (1980). Moreover, "because there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Bank of Am.,* 309 F.3d at 559 (internal quotation marks omitted).

■ Through HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad authority to issue regulations governing thrifts. 12 U.S.C. § 1464. As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2. Although the preemption is expressed in OTS's regulation, instead of HOLA, it makes no difference because, "[f]ederal regulations have no less preemptive effect than federal statutes." *Fidelity Federal Sav. and Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). The regulation reads, *inter alia,*

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section....

12 C.F.R. § 560.2(a) (emphasis added).

OTS has listed specific examples of the types of state laws preempted in 12 C.F.R. § 560.2(b):

> (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
>
> (9) Disclosure and advertising;
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages;
>
> (11) Disbursements and repayments.

Additionally, OTS has listed specific examples of the types of state laws *not* preempted by HOLA in 12 C.F.R. § 560.2(c):

> (1) Contract and commercial law;
>
> (2) Real property law;

(3) Homestead laws specified in 12 U.S.C. 1462a(f);

(4) Tort law;

(5) Criminal law.

OTS has also outlined a proper analysis in evaluating whether a state law is preempted under the regulation:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. *Any doubt should be resolved in favor of preemption.*

OTS, Final Rule, 61 Fed.Reg. 50951, 50966–67 (Sept. 30, 1996) (emphasis added); *Silvas*, 514 F.3d at 1005.

### B. Plaintiffs' Causes of Action

#### 1. Fraud

■ Plaintiffs allege that Defendants "engaged in an illegal scheme the purpose of which was to … make commissions, kick-backs, and undisclosed profits." (Compl. ¶ 27.) These allegations implicate loan-related fees within the meaning of 12 C.F.R. § 560.2(b). *Silvas*, 514 F.3d at 1006 (noting that § 560.2(b)(5) specifically preempts state laws purporting to impose requirements on loan-related fees). Therefore, these claims are preempted by HOLA.

■ Additionally, Defendants allegedly assured Plaintiffs that they would be able to pay off their car loan with the home loan proceeds. (Compl. ¶ 23.) This allegation initially appears to fall within the confines of 12 C.F.R. § 560.2(b)(9) (disclosures). However, in connection with this allegation, Plaintiffs also allege that changes were made to the loan documents after Plaintiffs signed the documents. Plaintiffs allege that this act of fraud resulted in their car loan not being directly paid as they had agreed and the car being repossessed.

Plaintiffs argue that this claim not is preempted by HOLA but fail to cite any authority to support their argument. Upon reviewing the relevant case law, however, it is clear to the Court that the claim, as alleged, is not preempted by HOLA. Section 560.2(c) states that state laws are not preempted if "they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of [§ 560.2(a) ]." Most cases that have found preemption of fraud allegations typically address issues related to fees, disclosures and interest rates. *See, e.g., In re Ocwen Loan Servicing, LLC Mortg. Servicing Litigation*, 491 F.3d at 645 (addressing "unauthorized charges"); *Conder v. Home Savings of America*, 680 F.Supp.2d 1168, 1175 (C.D.Cal.2010) (addressing claim of "fraudulent omissions" of mortgagor's interest rate); *Munoz v. Financial Freedom Senior Funding Corp.*, 567 F.Supp.2d 1156, 1163 (C.D.Cal.2008) (addressing claims related to fees, commissions, penalties and costs associated with reverse mortgage). Plaintiffs' claim alleges that a deliberate change was made to their loan documents after Plaintiffs reviewed and signed the documents. This conduct is not the type usually preempted by HOLA, and the Court therefore finds that it is not preempted. *See* § 560.2(c)(4) (not preempting tort claims that "incidentally affect the lending operations").

However, claims for fraud must meet the heightened pleading requirements of Rule 9(b). Fed.R.Civ.P. 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).

The Ninth Circuit has stated that, "[i]n alleging fraud or mistake, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz,* 616 F.3d 993, 998 (9th Cir.2010) (internal citation and quotation marks omitted). The plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *Id.* Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir.2007) (citation and quotation omitted).

In this case, Plaintiffs appear confused as whether or not they are pleading claims based on fraud. In one section of the Opposition, Plaintiffs argue that they are only subject to the pleading standards under Rule 8. (*See* Opp. at 5.) In another section, Plaintiffs affirm that they are, in fact, pleading fraud. (*See* Opp. at 8.). Nevertheless, the Complaint pleads only general facts within the first cause of action and is therefore deficient.

Moreover, the fraud claim is subject to the three-year statute of limitations under California Civil Procedure Code § 338(d). Plaintiffs argue that the statute of limitations should be tolled because Plaintiffs did not discover the fraud until sometime in April 2008 when their vehicle was repossessed. (Opp. at 7.) However, Plaintiffs fail to support their argument for equitable tolling. In fact, Plaintiffs have a attached a copy of the "changed" loan documents with their Complaint. There is no evidence suggesting that Plaintiffs only recently came by these documents. "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *McKelvey v. Boeing N. Am., Inc.,* 74 Cal.App.4th 151, 160, 86 Cal. Rptr.2d 645 (1999), *superseded by statute on another point* as stated in *Grisham v. Philip Morris U.S.A., Inc.,* 40 Cal.4th 623, 637 n. 8, 54 Cal.Rptr.3d 735, 151 P.3d 1151 (2007).

In sum, the Court cannot find any justification to toll the statute of limitations, and the Motion must be GRANTED.

### 2. Breach of Contract

Plaintiffs allege that Defendants failed to perform under the loan contract. Although Defendant argues that this claim is preempted by HOLA, it offers no case law to support this defense. Plaintiffs also fail to cite any authority that the claim should not be preempted. A number of courts have found that breach of contract claims are not preempted by HOLA. *See, e.g., Davis v. Chase Bank U.S.A., N.A.,* 650 F.Supp.2d 1073, 1086 (C.D.Cal.2009) (holding breach of contract claim not preempted, noting that such a claim would "have at most an incidental effect on the exercise of Chase's lending powers ... [s]uch a claim does not seek to force Chase to set its contracts in a certain way, but rather merely to adhere to the contracts it does

create.") (emphasis in original); *Reyes v. Downey Savings and Loan Ass'n, F.A.,* 541 F.Supp.2d 1108, 1114 (C.D.Cal.2008) ("[A] law against breach of contract will not be preempted just because the contract relates to loan activity."); *McAnaney v. Astoria Financial Corp.,* 665 F.Supp.2d 132, 164 (E.D.N.Y.2009) ("The breach of contract claim ... does not seek to impose specific substantive requirements upon the operations of defendants, apart from compliance with specific contractual obligations."). Accordingly, this claim is not preempted by HOLA.

However, the Complaint only suggests that this cause of action is based on an oral contract. Plaintiffs state that Defendants "misrepresented material facts ... by stating that refinance of Plaintiffs' mortgage loan would pay off their Toyota Highlander loan." (Compl. ¶ 30.) In fact, every allegation in this section of the Complaint clearly implicates some form of oral contract. (*See* Compl. ¶¶ 30, 32, 34.) Oral contracts are subject to a two-year statute of limitations. *See* Cal.Civ.Proc.Code § 339. Because more than two years have passed, the Motion is GRANTED as to this claim.[1]

### 3. Breach of Implied Covenant of Good Faith and Fair Dealing

 Plaintiffs make vague and general allegations, stating that "Defendants violated in bad faith their own part of the bargain and acted unfairly in dealing with the Plaintiffs when Defendants have only cared about executing a loan without regard for the effects to the Plaintiffs and failed to cooperate with the Plaintiffs in the performance of the agreement." (Compl. ¶ 37.) "Breach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract." *Habitat Trust for Wildlife, Inc. v.*

*City of Rancho Cucamonga,* 175 Cal. App.4th 1306, 1345, 96 Cal.Rptr.3d 813 (2009). Regardless, HOLA preempts any state law claim relating to good faith and fair dealing in lending. *See Haehl v. Washington Mut. Bank, F.A.,* 277 F.Supp.2d 933, 942–43 (S.D.Ind.2003) (state common law claim of good faith and fair dealing is preempted by HOLA); *Washington Mutual Bank v. Superior Court,* 95 Cal.App.4th 606, 626, 115 Cal. Rptr.2d 765 (2002). The Motion is therefore GRANTED as to this claim.

### 4. Rescission

 Plaintiffs' fourth cause of action seeks state law rescission upon the theory that Plaintiffs' agreement to the loan was "induced by fraud and misrepresentation." (Compl. ¶ 40.) Rescission is a remedy, not a cause of action. Cal. Civ.Code § 1691(b); *Nakash v. Superior Court,* 196 Cal.App.3d 59, 69–70, 241 Cal.Rptr. 578 (1987); *see also Ozuna v. Home Capital Funding,* No. 08–2367, 2009 WL 4544131, at *11 (S.D.Cal. Dec. 1, 2009) (dismissing rescission claim because it is a remedy, not a cause of action). Therefore, the Motion is GRANTED as to this cause of action.

### 5. Conversion

 Plaintiffs state two claims for conversion: (1) the fees and settlement charges Plaintiffs were paid in conjunction with the loan and (2) the $24,090.00 that Defendants "failed to return to the Plaintiffs" that was supposed to pay off the Toyota loan. (Compl. ¶¶ 45–47.) With respect to the first claim, it clearly implicates loan-related fees within the meaning of 12 C.F.R. § 560.2(b)(5), (9); therefore, this claim is preempted by HOLA. *See Silvas,* 514 F.3d at 1006 (noting that § 560.2(b)(5)

---

1. The Court need not readdress the allegations that Defendants fraudulently amended the contract because those allegations are fully addressed above.

specifically preempts state laws purporting to impose requirements on loan related fees).

The second claim is time barred by California Code of Civil Procedure § 338 (three year statute of limitations). As stated in *McKelvey, supra*, Plaintiffs bear the burden to plead facts that would justify equitable tolling. *McKelvey*, 74 Cal. App.4th at 160, 86 Cal.Rptr.2d 645. Thus, because the claim is barred by the statute of limitations, and because Plaintiffs have failed to show cause why the statute should be tolled, the Motion is GRANTED as to this claim.

### 6. Constructive Trust

 Constructive trust is a remedy, not a cause of action. *See Embarcadero Municipal Improvement Dist. v. County of Santa Barbara*, 88 Cal.App.4th 781, 793, 107 Cal.Rptr.2d 6 (2001) ("A constructive trust is not a substantive device but merely a remedy, and an action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right."); 5 Witkin, California Procedure (Pleading), § 840 (5th ed.2008). Therefore, Defendant's Motion is GRANTED as to this claim.

### 7. Breach of Fiduciary Duty

 Plaintiffs allege they are "elderly and are unschooled in the Defendants' business practices," and "Defendants violated their fiduciary duty when they failed to pay off Plaintiffs' loan and charged them with settlement costs." (Compl. ¶¶ 53–54.) However, lenders do not owe a fiduciary duty to borrowers. *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476, 261 Cal.Rptr. 735 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle

should apply with even greater clarity to the relationship between a bank and its loan customers.") (internal citation omitted); *see also Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979–81, 21 Cal.Rptr.2d 834 (1993). Therefore, Plaintiffs fail to state a claim, and the Motion is GRANTED as to this claim.

### 8. Failure to Provide Loan Disclosures

 Plaintiffs' claim that Defendant failed to provide all required loan disclosures as required by California law. (Compl. ¶¶ 58–59.) This claim is clearly preempted by 12 C.F.R. § 560.2(b)(9) (loan disclosures). *Garcia v. Wachovia Mortg. Corp.*, 676 F.Supp.2d 895, 913 (C.D.Cal. 2009) (holding that claims relating to loan disclosure are preempted by HOLA). Therefore, the Motion is GRANTED as to this claim.

### 9. Failure to Comply with California Civil Code § 2923.5

 California Civil Code § 2923.5 requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to "assess" the borrower's financial situation and "explore" options to prevent foreclosure. Cal. Civ. Code § 2923.5. Plaintiffs allege that Defendant failed to contact Plaintiffs prior to filing the Notice of Default. (Compl. ¶ 66.)

Only one California state court has determined that § 2923.5 was not preempted by HOLA. *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 231, 110 Cal.Rptr.3d 201 (2010). The court limited its preemption determination by finding that relief under § 2923.5 is limited to a postponement of foreclosure, as opposed to damages. *Id.* A number of federal courts, on the other hand, have held that § 2923.5 is preempted by HOLA because it "falls squarely within the scope of HOLA's Sec-

tion ·560.2(b)(10), which deals with the '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'" *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F.Supp.2d 1022, 1033, No. 10–4081, 2010 WL 4348127, at *10 (N.D.Cal. Oct. 27, 2010) (internal quotations and citations omitted); *see also Pinales v. Quality Loan Serv. Corp.,* No. 09–1884, 2010 WL 3749427, at *3 (S.D.Cal. Sep. 22, 2010); *Gonzalez v. Alliance Bancorp,* No. 10–00805, 2010 WL 1575963, at *5–6, 2010 U.S. Dist. LEXIS 47943, at *15–16 (N.D.Cal. Apr. 19, 2010); *Parcray v. Shea Mortgage, Inc.,* No. 09–1942, 2010 WL 1659369, at *9 (E.D.Cal. Apr. 23, 2010); *Murillo v. Aurora Loan Servs., LLC,* No. 09–00503, 2009 WL 2160579, at *4 (N.D.Cal. July 17, 2009). This is not a question of interpreting state law, but rather a question of federal preemption. Thus, the Court is not bound by the decision in *Mabry.* Moreover, it is evident that the overwhelming weight of authority has held that a claim under § 2923.5 is preempted by HOLA. Defendant's Motion is therefore GRANTED as to this claim.

### 10. Elder Abuse

◼ Plaintiffs state that Defendant's conduct constitutes elder abuse; however, Plaintiffs have failed to identify how Defendant has violated the referenced California statutes. (Compl. ¶ 70–71.) Plaintiffs have also failed to plead that they are "elders" within the meaning of California Welfare and Institution Code § 15610.27 or California Civil Code § 3345. Plaintiffs also fail to specify what actions taken by Defendants constituted such elder abuse within the purview of the statutes. Plaintiffs, therefore, fail to state a claim, and the Motion is GRANTED as to this claim.

### 11. IIED and NIED

◼ Plaintiffs allege that Defendant is liable for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NEID"); however, Plaintiffs have failed even to identify the elements of these causes of action. (Compl. ¶ 74.) Instead, Plaintiffs make unsupported and vague accusations that "Defendants' conduct is extreme and outrageous because it exceeds all bounds tolerated in a civilized society." (Compl. ¶ 75.) This claim is insufficient as a matter of law. Moreover, California law does not generally recognize a cause of action for emotional distress stemming solely from a financial loss. *See Butler–Rupp v. Lourdeaux,* 134 Cal.App.4th 1220, 1228, 36 Cal.Rptr.3d 685 (2005) ("[I]n the absence of physical injury, the courts have never allowed recovery of damages for emotional distress arising solely from property damage or economic injury to the plaintiff."). The Motion is therefore GRANTED as to this claim.

### 12. Violations of UCL

◼ Plaintiffs claim that Defendant violated of California's Unfair Competition Law (the "UCL"). (Compl. ¶ 79.); Cal. Bus. & Prof.Code § 17200 *et seq.* Liability under the UCL is generally derivative of liability under another statutory violation. Here, because there are no remaining causes of action, derivative liability under the UCL would be impossible. In addition, Plaintiffs do not allege any relevant facts in this claim. Instead, Plaintiffs make general allegations about Defendant's business practices and state that the "violations are and were a matter of [Defendant's] standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior." (Compl. ¶ 83.) These general allegations regarding Defendant's lending practices are likely preempted by HOLA. *See Silvas,* 514 F.3d at 1006 (holding that general claims regarding fees and disclosure are preempted

by HOLA); *Conder,* 680 F.Supp.2d at 1176 (finding that the UCL cause of action was based on HOLA-preempted claims); *Munoz,* 567 F.Supp.2d at 1163 (UCL claims involving fees and disclosures were preempted by HOLA). Therefore, the Motion is GRANTED as to this claim.

## V. CONCLUSION

Defendant's Motion to Dismiss is GRANTED. Claims 1 and 5 may be amended, if possible, to show facts that justify equitable tolling. Additionally, Plaintiffs may amend the Complaint to bring other causes of actions, if possible, that are not preempted by HOLA. As all claims have been dismissed, the Motion to Strike is DENIED as MOOT. Plaintiffs have 20 days Leave to Amend to provide sufficient factual bases for their causes of action where necessary and to bring claims not preempted by HOLA, if possible, measured from the date of this Order.

IT IS SO ORDERED.